**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4708**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DEBRA P. WILSON,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (2:17-cr-00124-HCM-1)

Submitted: April 3, 2018                Decided: April 11, 2018

Before GREGORY, Chief Judge, and KEENAN and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jason A. Dunn, JASON A. DUNN, PLC, Virginia Beach, Virginia, for Appellant. James Tomilson Cole, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, a magistrate judge convicted Debra P. Wilson of being intoxicated in a public place, in violation of 18 U.S.C. §§ 7, 13 (2012), and assimilating Va. Code Ann. § 18.2-388 (2014). The magistrate judge placed Wilson on six months' probation with certain conditions and ordered her to pay a $250 fine and a $5 special assessment. Wilson appealed to the district court, and the district court affirmed the criminal judgment. Wilson now appeals the district court's order.* We affirm.

On appeal, Wilson challenges the sufficiency of the evidence. Although Wilson moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29 on several counts, she did not so move regarding the instant count and instead raised the relevant issue for the first time in her appeal to the district court. Accordingly, we conclude that she forfeited her challenge to the sufficiency of the evidence supporting her misdemeanor conviction. *See United States v. Chong Lam*, 677 F.3d 190, 200 (4th Cir. 2012) ("When a defendant raises specific grounds in a Rule 29 motion, grounds that are *not* specifically raised are waived

---

*Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Before conducting our own independent review pursuant to *Anders*, 386 U.S. at 744, we first must determine whether the "prophylactic framework" established by *Anders* applies to Wilson's case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (stating that *Anders* "is relevant when, and only when, a litigant has a previously established constitutional right to counsel"). "[A]n indigent defendant must be offered counsel in any misdemeanor case that actually leads to imprisonment." *Alabama v. Shelton*, 535 U.S. 654, 661 (2002) (internal quotation marks omitted); *see id.* at 657. Because Wilson was not sentenced to any term of imprisonment, she does not have a constitutional right to counsel. *See id.* at 661. Accordingly, we need not conduct an independent review pursuant to *Anders*. Notwithstanding this circumstance, we consider Appellate counsel's argument— which mirrors Wilson's own argument—regarding the sufficiency of the evidence.

on appeal."). "To the extent that an exception to this rule exists in situations in which a manifest miscarriage of justice has occurred, this is not such a case." *Id.* n.10 (citation and internal quotation marks omitted); *see also United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005) (stating standard of review for appellate review of bench trial before magistrate). Our review of the record reveals ample evidence supporting Wilson's conviction. *See* Va. Code Ann. § 18.2-388 (2014) (defining offense); Va. Code Ann. § 4.1-100 (2016) (defining "intoxicated"); *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014) (providing standard for reviewing sufficiency of evidence). Insofar as Wilson contends that the magistrate judge should have believed her version of events, the magistrate judge found her testimony not credible, and we will not upset that finding on appeal. *See United States v. Roe*, 606 F.3d 180, 186 (4th Cir. 2010).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*